IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:21-cr-00272-LMM-JEM-1 |
| SAMUEL SOLORIO HERRERA, | : | |
| | : | |
| Defendant. | : | |

## ORDER

This matter is presently before the Court on the Magistrate Judge's Report and Recommendation ("R&R"), Dkt. No. [65], recommending denial of Defendant Samuel Solorio Herrera's motion to suppress custodial statements he made to law enforcement, Dkt. No. [41]. Defendant has filed objections to the R&R. Dkt. No. [71]. After due consideration, the Court **OVERRULES** the objections, **ADOPTS** the Magistrate Judge's recommendations, **DENIES** the motion to suppress, and **SETS** the case for trial.

### I.   BACKGROUND

A federal grand jury sitting in the Northern District of Georgia returned an indictment against Defendant on July 20, 2021, charging him with conspiracy to possess with intent to distribute methamphetamine and three counts of substantive possession with intent to distribute methamphetamine, Dkt. No. [1],

whereupon this Court issued a warrant for his arrest, Dkt. No. [5]. Defendant was subsequently detained in the course of the execution of a search warrant on July 29, 2021, at a large, multi-acre agricultural property in Oregon that housed an illegal marijuana grow operation; was transferred into the custody of U.S. Drug Enforcement Administration ("DEA") Task Force Officer Eugenio Zuniga; and was transported to the Salem Police Department, where he was patted down and questioned by Zuniga. Dkt. No. [59] at 5-11, 14-17, 20, 28-40, 46, 61-65, 67, 69-74, 76-77.[1] He was then committed to this district for prosecution of the charges in the indictment giving rise to this case. See Dkt. No. [9].

In the motion that is presently before the Court, Defendant seeks suppression of statements he made while in custody in Oregon. Dkt. No. [41]. On November 9, 2022, the Magistrate Judge held an evidentiary hearing on Defendant's motion. Dkt. No. [55]. The parties then submitted post-hearing briefs. Dkt. Nos. [62-64].

On March 16, 2023, the Magistrate Judge entered an R&R in which she recommended that Defendant's motion to suppress be denied.[2] Dkt. No. [65]. In his objections to the R&R, Defendant takes issue with the Magistrate Judge's

---

[1] Where a document's original page numbering is inconsistent with the page numbering assigned by the Court's electronic filing system, the Court uses the page numbers assigned by its system.

[2] The Magistrate Judge also noted that the Government stated that it would not seek to introduce Defendant's statement identifying himself in a surveillance photo in its case-in-chief, although the statement would be admissible to impeach any contradictory trial testimony by Defendant. Dkt. No. [65] at 10.

finding that Defendant abandoned arguments pertaining to statements he made before he was read his Miranda[3] rights, explaining that his motion sought suppression of statements based only on the theory that his waiver of his Miranda rights was not knowing and intelligent. Dkt. No. [71]. He also "strongly disagrees" with the Magistrate Judge's finding that the totality of the circumstances establish that he made a knowing and intelligent waiver of his Miranda rights. Id.

## II.   DISCUSSION

Under 28 U.S.C. § 636, the Court reviews a Magistrate Judge's R&R for clear error if no objections are filed. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must review de novo any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.

The Supreme Court held in Miranda v. Arizona, 384 U.S. 436 (1966), that incriminating statements obtained during custodial interrogation must be considered involuntary and therefore excluded from evidence "unless the suspect fails to claim the Fifth Amendment privilege after being suitably warned of his right to remain silent and of the consequences of his failure to assert it." Minnesota v. Murphy, 465 U.S. 420, 430 (1984). When a defendant objects to the introduction of a statement to law enforcement as involuntary, due process requires that the trial court make an independent determination that the

---

[3]   Miranda v. Arizona, 384 U.S. 436 (1966).

statement was voluntary before it may be heard by the jury. Jackson v. Denno, 378 U.S. 368, 391-92 (1964). For a custodial self-incriminating statement to be admissible, it is necessary for the Government to show that it complied with Miranda and that the statement was voluntarily made. United States v. Jones, 32 F.3d 1512, 1516 (11th Cir. 1994).

Miranda requires that a suspect who is in custody be provided certain procedural safeguards: he must be advised that he had the right to remain silent, that any statement he makes may be used as evidence against him, and that he has a right to the assistance of counsel prior to any interrogation by law enforcement. Miranda, 384 U.S. at 444. He may waive the rights, so long as the waiver is made "voluntarily, knowingly, and intelligently." Id. There can be no questioning if the suspect unambiguously indicates that he does not wish to be interrogated or that he wishes to consult with an attorney before speaking. Hall v. Thomas, 611 F.3d 1259, 1285 (11th Cir. 2010) (citing Berghuis v. Thompkins, 560 U.S. 370, 380-81 (2010); Davis v. United States, 512 U.S. 452, 459 (1994)).

Defendant contends that it was error for the Magistrate Judge to conclude that he knowingly and intelligently waived his Miranda rights because neither TFO Zuniga's testimony nor his three DEA reports of investigation contain "strong proof of an express oral or written waiver of Miranda." Dkt. No. [71] at 4 (citing Dkt. No. [59] at 39-40, 66-67, 71-72; Dkt. Nos. [56-4, 63-1, 64-2]). He also appears to suggest that TFO Zuniga did not give Defendant his Miranda warnings until sometime after he began questioning him: he points out that the Magistrate

Judge found in the R&R that Defendant was patted down before he was given Miranda warnings and posits that "[i]t factually follows" that TFO Zuniga began the interrogation with routine booking questions regarding Defendant's personal property, which fall outside Miranda protection, and that it was after an exchange between Defendant and TFO Zuniga regarding Defendant's wedding ring that TFO Zuniga continued the interrogation by asking questions about suspected cocaine found in Defendant's pants pocket and about his role in the alleged conspiracy. Id. at 4-5 (citing Dkt. No. [65] at 17; Dkt. No. [59] at 46-50; Dkt. No. [56-6]).

  The Court is not persuaded. Given that Defendant points to the absence of "strong proof" of an express Miranda waiver, he appears to suggest that TFO Zuniga did not comply with Miranda. See Dkt. No. [71] at 4-5. However, Defendant supplies no authority—and the Court knows of none—holding that Miranda requires that the suspect expressly waive his rights prior to questioning. Rather, an implicit waiver of Miranda rights is sufficient. Berghuis, 560 U.S. at 384 ("An implicit waiver of the right to remain silent is sufficient to admit a suspect's statement into evidence." (internal quotation marks omitted)); Hall v. Thomas, 611 F.3d 1259, 1285 (11th Cir. 2010).

  Moreover, as the Magistrate Judge aptly noted, the record shows that Defendant did expressly waive his Miranda rights prior to questioning. Defendant is a Spanish speaker. Dkt. No. [59] at 30-31, 44, 67-68. After TFO Zuniga, a native Spanish speaker, read the Miranda warnings to Defendant

in Spanish, verbatim, from a plastic card issued by the DEA, id. at 28-29, 36-41, 62-66, 70-71, 73, 75, 78, Defendant told TFO Zuniga that he understood his rights, id. at 40-41, 68, 72. Defendant's conduct also showed that he understood his rights: he asked TFO Zuniga when he would be assigned an attorney, to which TFO Zuniga responded that he would be transported to the U.S. Marshal's office that morning, should have a first hearing at 3:00 p.m. that day, and would be assigned an attorney around the time of the hearing, if he did not already have one by then; Defendant reiterated after receiving the information about attorney assignment that he still wished to speak with TFO Zuniga; and after Defendant answered some of TFO Zuniga's questions, Defendant told TFO Zuniga that he did not want to answer any further questions or incriminate himself any further and that he wanted an attorney, at which time the interview ended. Id. at 41, 50. As the Magistrate Judge observed, Defendant's decision to answer some questions but not others especially indicates his understanding of his rights and his knowing waiver. See Dkt. No. [65] at 12 (citing United States v. Boon San Chong, 829 F.2d 1572, 1574 (11th Cir. 1987)).

The Court has also carefully reviewed the evidence regarding the order in which Defendant was patted down, questioned, and given Miranda warnings and finds that TFO Zuniga—under extensive cross-examination—testified consistently and convincingly that Defendant was first patted down for safety, was then given his Miranda warnings, and only then was questioned. See Dkt. No. [59] at 37, 62-66, 70-72, 78. While it is true that the paragraphs in TFO Zuniga's report of his

interview with Defendant do not appear in the order TFO Zuniga described the events in his testimony, none of the written reports in fact contravene the testimony. Compare Dkt. No. [59] at 37, 62-66, 70-72, 78 with Dkt. No. [56-6]; Dkt. No. [63-1]; Dkt. No. [64-1]; Dkt. No. [64-2]; Dkt. No. [64-3]. The Court therefore finds that the Government has shown that Defendant was provided Miranda warnings prior to questioning.

For these reasons, the Court concludes that the Magistrate Judge did not err in finding that Defendant received and knowingly and intelligently waived his Miranda rights prior to questioning. Defendant's objections are therefore overruled. The Court has also reviewed the remainder of the R&R for clear error and finds none. Accordingly, the Court will adopt the R&R as its Order and will deny the motion to suppress.

## III. CONCLUSION

In accordance with the foregoing, the Court **OVERRULES** Defendant's objections, Dkt. No. [71], and **ADOPTS** the Magistrate Judge's Report and Recommendation, Dkt. No. [65], as its opinion: the Motion to Suppress Statements filed by Defendant Samuel Solorio Herrera, Dkt. No. [41], is **DENIED**.

## IV. ORDER SETTING TRIAL

The Court hereby sets the trial in this case to begin on **Wednesday, July 26, 2023, at 9:30 AM** in Courtroom 2107, United States Courthouse,

75 Ted Turner Drive, S.W., Atlanta, Georgia. The pretrial conference is set for **Wednesday, July 19, 2023, at 10:00 AM** in Courtroom 2107.

By noon on Wednesday, July 5, 2023, the parties are to file their respective motions in limine and voir dire questions. By noon on Wednesday, July 5, 2023, the Government is to file a brief statement of facts the parties can rely on for voir dire. By noon on Wednesday, July 12, 2023, the parties are to file any objections to those items listed above. Requests to charge and verdict forms should be filed on CM/ECF and e-mailed to the Courtroom Deputy Clerk in Word format by noon on Friday, July 21, 2023. The time from April 27, 2023, to July 26, 2023, shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

The Court requires the parties to e-mail an exhibit and witness list to the Courtroom Deputy Clerk by Friday, July 21, 2023. The list shall contain an identifying description of each exhibit to the right of the exhibit numbers. The list shall be double spaced with approximately 1.5 inches of space to the left of the number for court use. Additionally, the parties are required to deliver to chambers the morning of trial a tabbed exhibit notebook for the Court's use. Counsel shall comply with the Local Rules of this Court regarding exhibits. Any exhibit larger than 8 ½" x 11" will be returned to counsel pursuant to LR 79.1(B)(5), NDGa. Within ten (10) days following the conclusion of a trial or hearing, all parties must file photographs or other appropriate reproductions of oversized and non-documentary exhibits admitted as evidence at the trial or

hearing. The parties must provide a courtesy copy of any documents e-filed just prior to trial or on any day during the course of the trial.

Courtroom 2107 is technology equipped. Any training or trial runs regarding the courtroom technology must be scheduled in advance of trial via the Courtroom Deputy Clerk. The Court will not allow time for training or trial runs at the beginning of the trial. Any motions requesting leave to bring technology into the courtroom must be filed prior to the pretrial conference, to allow time for proper notification to the U.S. Marshals Service.

It is the responsibility of counsel to immediately notify the Courtroom Deputy if a defendant requires interpretive services for any court proceeding so that services can be arranged. It is the responsibility of counsel to arrange interpretive services for any witnesses needing assistance of an interpreter for any court proceeding.

**IT IS SO ORDERED** this 27th day of April, 2023.

_____
**Leigh Martin May**
**United States District Judge**